IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHANTELLE JONES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF SARATOGA SPRINGS, a municipality; KEVIN NORRIS; WILLIAM ROBERTSON; ANDREW BURTON; and MARK CHRISTENSEN,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [36, 37] MOTIONS FOR PROTECTIVE ORDER**<br><br>Case No. 2:23-cv-00019-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

## I.　BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 23, 46). Before the court is Defendant Kevin Norris's (Defendant Norris) Motion for Protective Order re Deposition Venue and Permitted Attendees (Norris Motion) (ECF 37), which incorporates by reference Defendants William Robertson (Defendant Robertson), Andrew Burton (Defendant Burton), and Mark Christensen's (Defendant Christensen) (collectively, Saratoga Springs Defendants) Motion for Protective Order re Secure Deposition Venue and Excluded Parties (Saratoga Springs Motion) (ECF 36) (collectively, the Motions).

Saratoga Springs Defendants request that Defendant Norris's deposition be held at the Orrin G. Hatch United States Courthouse (the Courthouse) and that nonparty Jared Chuchran (Mr. Chuchran) be excluded from and not notified of depositions for safety reasons (ECF 36). In addition to requesting the same relief, Defendant Norris also requests that attendance at depositions be limited to the parties and that all depositions be held at the Courthouse (ECF 37). Plaintiff Chantelle Jones (Plaintiff) filed an Opposition (ECF 39) and a Supplemental Opposition (ECF 40) to the Motions. No reply was filed by any defendant.

At a hearing held on January 30, 2024 (ECF 43), the court heard argument from the parties on the Motion. Based on the stipulation of the parties, the court ruled that (1) only named parties are permitted to attend depositions with limited exceptions, (2) the parties are prohibited from giving Mr. Chuchran notice of any deposition except his own, and (3) Mr. Chuchran is excluded from attending any deposition except his own (ECF 43). The court took under advisement the issue of the location of depositions. Having considered the relevant filings and arguments presented at the hearing, the court GRANTS the Motions in full.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The moving party bears the burden of establishing good cause for the protective order by showing that "disclosure will result in a clearly defined and serious injury." *Rains v. Westminster Coll.*, No. 2:20-CV-00520, 2023 WL 2504729, at *3 (D. Utah Mar. 14, 2023) (quoting *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003)). "When evaluating whether a movant has satisfied his burden of establishing 'good cause', a court should balance the non[ ]moving party's interest in completing the deposition and preparing for trial against the proffer of harm that would result from the deposition." *Denson v. Corp. of the President*, No. 2:18-cv-00284, 2018 WL 10247390, at *1 (D. Utah Dec. 4, 2018).

The court has "broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 4642618, at *1 (D. Kan. Oct. 16, 2008). "The court also has discretion to prohibit and/or regulate discovery by 'specifying terms, including time and place . . . , for the disclosure or discovery.'" *Wagner v. Apisson*, No. 2:13CV937, 2014 WL 5439592, at *1 (D. Utah Oct. 24, 2014) (quoting Fed. R. Civ.

2

P. 26(c)(1)(B)). While generally "the party noticing the deposition has the right to choose its location," *O'Neil v. Burton Group*, No. 2:09-cv-862 DBP, 2012 WL 5523819, at *2 (D. Utah Nov. 14, 2012), the court has "great discretion in establishing the time and place of a deposition." *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987).

### III. DISCUSSION

Saratoga Springs Defendants argue there is good cause for a protective order requiring the deposition of Defendant Norris be held at the Courthouse for the safety of the parties (ECF 36 at 1). In support of this request, Saratoga Springs Defendants provide evidence of prior violent threats by Mr. Chuchran against Defendants Robertson and Christensen resulting in his arrest, conviction, and issuance of two protective orders prohibiting contact with these Defendants (*id.* at 2–3). Saratoga Springs Defendants also point to a more recent email suggesting Mr. Chuchran intends to attend depositions in this case and inviting others to do the same (*id.* at 4–5). Saratoga Springs Defendants further contend that holding a deposition at the Courthouse would not impose a significant burden on the parties or the court (*id.* at 6). In addition to joining the request regarding his own deposition, Defendant Norris asks that all depositions in this case be held at the Courthouse given that Mr. Chuchran's email appears to express an intention to attend all depositions, not just that of Defendant Norris (ECF 37 at 3). Defendant Norris also notes the Courthouse is a secure location "where metal detectors and other safety measures are in place" (*id.*).

In response, Plaintiff argues there is no immediate threat to the parties given that Mr. Chuchran's prior threats occurred in 2022 and that the recent email is not threatening in nature (ECF 38 at 4–5). Plaintiff further argues that holding depositions at the Courthouse would put Plaintiff "at a significant disadvantage and hinder her ability to prove her case" because it would

3

deprive Plaintiff's counsel of "easy access to staff assistance and files" and a large TV screen to display evidence available at counsel's office for use during depositions (ECF 38 at 3, 5–6).

Having carefully considered the parties' respective arguments, the court in its discretion finds there is good cause for a protective order to ensure the safety of the parties. While Mr. Chuchran's prior threats occurred in the past, these threats were violent in nature and specifically directed at Defendants Robertson and Christensen. Although Mr. Chuchran's recent email does not appear to contain a violent or directed threat, the court agrees that his apparent intention to attend depositions in this case, and invitation for others to do so, poses a credible threat of harm to the parties when considered together with his prior threats. The court acknowledges that holding depositions at the Courthouse may be inconvenient in some respects, but the court has rooms available with adequate technological accommodations to facilitate conducting depositions.

The court therefore finds that any prejudice to Plaintiff resulting from holding depositions at the Courthouse is outweighed by the significant safety concerns for the parties, which can be mitigated by the security measures uniquely available at the Courthouse. *See Gutierrez v. New Hope Harvesting*, No. CIV 19-07077-FWS-(AFMx), 2023 WL 3431904, at *1–2 (C.D. Cal. April 3, 2023) (ordering depositions take place "in a secure location" due to deponents' "concern[s] about their security" based on prior "threatening comments"); *see also Wesselman v. Tyson Foods, Inc.*, No. 15-CV-4247, 2016 WL 6986683, at *3 (N.D. Iowa Nov. 28, 2016) ("A party ought not to be required to hire law enforcement officers to be present at a deposition to ensure the safety, or the sense of security, to a deponent. Rather, a protective order is the appropriate remedy."). Accordingly, the court will grant the requested protective order and require that all depositions in this case be held at the Courthouse.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The Motions (ECF 36, 37) are GRANTED.

2. All depositions in this case will be held at the Orrin G. Hatch United States Courthouse in Salt Lake City at a time convenient to the parties and in coordination with court personnel. The depositions will be held in a room with adequate technological accommodations including video playback, which counsel may review and test prior to depositions taking place.

3. The court reminds the parties to abide by the court's prior ruling as follows:

    (1) Only named parties are permitted to attend depositions in this case with limited exceptions, i.e., an immediate family member. Each party shall provide notice to the other parties of the individuals who will be attending any deposition ten (10) days prior to the date of the deposition, and the other party will respond within two (2) days if there are any objections;

    (2) The parties are prohibited from giving nonparty Jared Chuchran notice of the time, date, or location of any deposition except for his own; and

    (3) Mr. Chuchran shall be excluded from attending any deposition, except his own, under any circumstances.

4. The court further directs counsel to notify their respective clients of this Order and warns that any violation of this Order may result in sanctions including being held in contempt of court.

IT IS SO ORDERED.

DATED this 3 September 2024.

*/s/ Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah